IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PACIFIC THOMAS CORPORATION,<br><br>Defendant. | Case No. 19-cv-04194-MMC<br>Bankruptcy Case No. 14–54232 MEH<br><br>**DECISION AFFIRMING ORDER DENYING APPELLANT'S SECOND MOTION FOR RELIEF FROM AUTOMATIC STAY** |

    Before the Court is appellant Randall Whitney's ("Whitney") appeal from the Bankruptcy Court's order, filed July 3, 2019, denying Whitney's "Second Motion for Order Granting Relief From the Automatic Stay of 11 USC § 362," whereby Whitney sought an order lifting the automatic stay applicable to a state court action Whitney filed in 2014. Having read and considered Whitney's Opening Brief, appellee Chapter 11 Trustee Kyle Everett's ("Trustee") Responsive Brief, and the portions of the record cited by the parties, the Court rules as follows.

    In 2012, debtor Pacific Thomas Corporation ("Pacific") filed for bankruptcy protection (see Doc. No. 1),[1] and, in 2013, the Trustee was appointed (see Doc. No. 220). On August 18, 2014, the Bankruptcy Court approved the Trustee's motion for permission to sell real property upon which Pacific was operating a self-storage facility (see Doc. No. 637; see also Doc. No. 691-3 ¶ 6), and on October 31, 2014, the sale closed (see Doc. No. 691-3 ¶ 11). On February 18, 2016, the Bankruptcy Court

---

[1] All citations to the docket included herein are references to documents filed in In re: Pacific Thomas Corporation, Bankruptcy Case No. 14-54232

approved the Trustee's motion for permission to sell other real property owned by Pacific (see Doc. No. 799), and, in June 2016, the sale of that property closed (see Doc. No. 852).

On October 22, 2014, before the above-referenced properties had been sold, Whitney filed in state court a "Petition for Alternative Writ of Administrative Mandamus" ("Petition"). (See Doc. No. 691-4.) In the Petition, which remains pending in state court but has been stayed,[2] Whitney seeks an order directing the City of Oakland to "set aside and revoke the Certificates of Compliance" applicable to Pacific's real property. (See Doc. No. 691-4 at 5).[3] In support of his standing to seek such relief, Whitney alleges he is the "debtor representative of Pacific." (See Doc. No. 691-4 ¶¶ 3, 11.)

On June 30, 2016, after the above-referenced properties had been sold, Whitney filed the first of two motions for relief from the automatic stay. (See Doc. No. 896.) On August 4, 2016, the Bankruptcy Court denied that first motion (see Doc. No 904), which order was affirmed by the Bankruptcy Appellate Panel, see In re Pacific Thomas Corp., 2017 WL 3300600, at 5, and, on May 14, 2018, Whitney's subsequent appeal to the Ninth Circuit was dismissed on the ground the appeal was moot, see In re Pacific Thomas Corp. (Whitney v. Everett), 724 Fed. Appx. 587, 588 (9th Cir. 2018). Thereafter, on June 6, 2019, Whitney filed his second motion for relief from the automatic stay (see Doc. No.1092), which motion the Bankruptcy Court denied, both on the record at a hearing conducted June 27, 2019 (see Doc. No. 1124), and in a written order filed July 3, 2019 (see Doc. No. 1106).

---

[2] According to Whitney, the state court found the automatic stay set forth in 11 U.S.C. § 362(a) applies to the Petition and, consequently, has declined to consider the Petition in the absence of a Bankruptcy Court order lifting the automatic stay. (See Appellant's Opening Brief at 12; Appellee's Req. for Judicial Notice, filed April 2, 2021, Ex. 8 at 5-6.)

[3] "A Certificate of Compliance is a document from [a government entity] stating that the title deeds and parcel maps are in compliance with the Subdivision Map Act." In re Pacific Thomas Corp. (Whitney v. Everett), 2017 WL 3300600, at *1 (9th Cir. BAP August 3, 2017).

By the instant appeal, Whitney argues the Bankruptcy Court erroneously denied his second motion.  As set forth below, the Court disagrees.

As noted above, the Ninth Circuit, in dismissing Whitney's appeal from the denial of his first motion, found the appeal was moot.  The basis for the Ninth Circuit's finding was that "the trustee sold the underlying property" and Whitney had "failed to establish his standing to prosecute on behalf of the debtor a state court challenge to the city's Certificates of Compliance."  See In re Pacific Thomas, 724 Fed. Appx. at 588.  In denying the second motion, the Bankruptcy Court cited the Ninth Circuit's decision, thereby finding, in essence, the circumstances identified by the Ninth Circuit had not changed.

Whitney argues the Bankruptcy Court erred by not accepting his argument, made orally at the hearing on his second motion, that he has standing to pursue the Petition on a ground other than that addressed by the Ninth Circuit.  In particular, Whitney argued he has standing to pursue the Petition as "a resident citizen [of the] City of Oakland" and "an owner of adjacent property to the Debtor's estate" that was "impacted" by the Certificates of Compliance.  (See Transcript of Proceedings, June 27, 2019, at 3:6-21.)  That argument, however, was made by Whitney in support of his first motion, and the Bankruptcy Appellate Panel found it unmeritorious, as follows:

> While Whitney contended at the stay relief hearing that the erroneous Certificates negatively impacted adjacent property he owns, he never established before the bankruptcy court what that property is, whether he actually owns it and what "impact" the Certificates have had regarding this adjacent property.  We agree with the bankruptcy court that, to the extent Whitney has any rights separate and apart from Pacific to challenge the Certificates, he is free to pursue them through his own action without the need for relief from stay.  However, it was simply not proper for Whitney to pursue his individual rights, if any, through [the Petition], which was clearly filed on behalf of the estate.

See In re Pacific Thomas, 2017 WL 3300600, at 4.

This Court finds the above-quoted reasoning persuasive.  In particular, the Petition, as the Bankruptcy Appellate Panel noted, was filed by Whitney solely on behalf of Pacific, and Whitney does not therein seek relief in his individual capacity.  Indeed,

3

consistent with the allegations made in the Petition, Whitney, in a 2017 filing in the Ninth Circuit, acknowledged the "relief sought" in the Petition would "only benefit the debtor's estate and not the appellant [Whitney]."  See Appellant's Reply Brief at 12, filed January 13, 2017, In re Pacific Thomas Corp. (Whitney v. Everett), Appeal No. 16-15527.  In short, Whitney has failed to show the Bankruptcy Court erred in denying his second motion.

Accordingly, the Bankruptcy Court's order denying Whitney's second motion is hereby AFFIRMED.

**IT IS SO ORDERED.**

Dated: August 5, 2021

MAXINE M. CHESNEY
United States District Judge